UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JAMES EDWARD KUZYK, ) | No. ED CV 08-01148-VBF (VBK) |
| ) | |
| Petitioner, ) | MEMORANDUM AND ORDER DENYING |
| ) | RESPONDENT'S MOTION TO DISMISS |
| v. ) | AND GRANTING PETITIONER'S REQUEST |
| ) | FOR A STAY |
| L. T. EDWARDS, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

### INTRODUCTION

On August 25, 2008, James Edward Kuzyk (hereinafter referred to as "Petitioner") filed a "Petition for Writ of Habeas Corpus by a Person in State Custody" pursuant to 28 U.S.C. §2254 ("Petition") in the United States District Court for the Central District of California. Petitioner raised the following claims: (1) "Does it violate federal due process to limit witnesses from testifying for defense or not allow recorded statements of that witness to be heard in the trial court?; (2) does it violate federal due process of law to prevent a defendant or witnesses from testifying or being questioned about manufacturing evidence found in a bag in the garage where all other items used to manufacture were found?; (3) does it violate the defendant's federal due

process and substantive constitutional rights for the Court to allow prosecutorial misconduct and deny the defendant's request for curative instructions to the jury?; (4) does it violate the defendant's federal due process and substantive constitutional rights for the Judge to deny jury instruction of law when they [sic] asked the Court a question of law and answer with his own opinion?; and (5) does it violate the defendant's federal due process and substantive constitutional rights for the trial court to allow the admission of improperly presented prior crime evidence to violate Evidence Code §352 in the defendant's trial?" (See Petition at 5-6 and attached pages.)

On October 15, 2008, Respondent filed a document entitled "Answer to Petition for Writ of Habeas Corpus" and "Memorandum of Points and Authorities in Support of Answer to Petition for Writ of Habeas Corpus;" and "Notice of Lodgment." Respondent requests the Court to dismiss the Petition on the grounds that Petitioner has failed to exhaust all of his claims. It appears that Respondent's "Answer" was intended to be a Motion to Dismiss. Respondent contends that Petitioner has not exhausted Grounds 3 and 4. Respondent notes that Petitioner concedes that these claims have not been presented to the California Supreme Court. (See Petition at 6.)

On November 5, 2008, Petitioner filed a "Notice of Lodgment and Opposition to the Motion to Dismiss," which included several letters: (1) a letter dated January 30, 2008 from Petitioner to his attorney regarding his California Court of Appeal Case No. EO41486; (2) a letter to Petitioner from his appellate attorney dated January 9, 2007; (3) a letter from Petitioner to his appellate attorney dated March 4, 2008; (4) a letter dated April 9, 2007 from Petitioner to his appellate attorney; and (5) a letter from his appellate attorney to Petitioner

dated April 16, 2007. Petitioner in his Opposition requests the Court grant him a Stay.

### FACTUAL AND PROCEDURAL BACKGROUND

On March 16, 2004 during a parole search of the garage of the home where Petitioner had been living for the past year, Sheriff's deputies found evidence of all five steps in the methamphetamine manufacturing process, but no finished methamphetamine. According to the prosecution's expert, the reason for the absence of methamphetamine was that the person making it made a mistake at some point during the process and ended up with pseudoephedrine instead. (Lodgment 1, Appendix A at 2-4.)

A jury subsequently convicted Petitioner of manufacturing methamphetamine and possessing ephedrine with the intent to manufacture methamphetamine. (Lodgment 1, Appendix A at 6.) The jury further found true the allegation that the manufacturing and possession of offenses took place in a structure where children were present and that Petitioner had sustained a prior conviction for manufacturing methamphetamine. (Id.) The trial court subsequently sentenced Petitioner to prison for 13 years. (Id.)

Petitioner appealed, claiming (a) the trial court erred in admitting evidence of his prior conviction for manufacturing methamphetamine, and (b) the trial court erred in excluding two critical items of defense evidence that tended to prove that he had been framed by Joseph Simon, the owner of the home that Petitioner had been living in at the time of the search. These two items were (1) that Simon's 13-year-old son had walked in the room while Petitioner and Simon's wife were having sex and may have told Simon about it; and (2) that a bag

depicted in a photograph offered into evidence by the prosecutor did not belong to Petitioner. (Lodgment 1, Appendix A at 2, 10.) The California Court of Appeal rejected these claims and affirmed the conviction in an unpublished opinion filed on December 19, 2007. (Lodgment 1, Appendix A.)

Petitioner petitioned for review on the same claims raised in the Court of Appeal. (Lodgment 1.) On February 27, 2008, the California Supreme Court denied the Petition for Review. (Lodgment 2.)

## DISCUSSION

Respondent contends that the within Petition is a "mixed" petition as it is unexhausted and should be dismissed. Specifically, Respondent contends that Petitioner has not exhausted Grounds 3 and 4.

Petitioner concedes that two of his five claims have not been presented to the California Supreme Court. (Petition at 6.) Petitioner requests a Stay in light of Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528, 1535 (2005), wherein the United States Supreme Court held that a federal district court may stay a mixed habeas petition to allow a petitioner to present unexhausted claims to the state court. A District Court should stay, rather than dismiss, a mixed habeas petition if the Petitioner has good cause for his failure to exhaust, his unexhausted claims are meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. Id. at 278.

In Rhines, the Supreme Court noted that because of the total exhaustion requirement in Rose v. Lundy, 455 U.S. 509, 518-19, 102 S.Ct. 1198 (1982) and AEDPA's one-year statute of limitations, petitioners with mixed petitions "run the risk of forever losing their opportunity for any federal review of their unexhausted claims." Rhines, 125 S.Ct.

at 1533. This risk arises because a petitioner could be faced with a choice of either striking his unexhausted claims and going forward with an exhausted petition or allowing the whole petition to be dismissed, without prejudice, as mixed. Under the first option, if Petitioner's original petition had already been decided on the merits, he could not include the newly exhausted claims in a subsequent petition, as the second petition would be subject to the strict limitations AEDPA places on successive petitions. See 28 U.S.C. §2244(b). The second option available under Rose is no more desirable for a petitioner given the fact that AEDPA's one-year statute of limitations will likely have run before a petitioner is able to fully exhaust state court remedies on the mixed petition and return to federal court. Rhines, 125 S.Ct. at 1533-34.

In light of the above circumstances, Rhines concluded that a District Court has discretion to stay a mixed petition to allow a petitioner time to return to state court to present unexhausted claims. In making this determination, however, the Court held that the stay and abeyance procedure must be applied consistently with AEDPA's twin purposes: "reducing delays in the execution of state and federal criminal sentences" and encouraging "petitioners to seek relief from state courts in the first instant." Rhines, 125 S.Ct. at 1534. As a result, Rhines cautioned, a stay and abeyance should be available only in limited circumstances, and is appropriate only when the District Court determines that there was "good cause" for the failure to exhaust. Rhines, 125 S.Ct. at 535. See also Wooten v. Kirkland, 540 F.3d 1019 (9th Cir. 2008)(District Court must stay a mixed habeas petition containing both exhausted and unexhausted claims only if: (1) the petitioner has good cause for his failure to exhaust his claims in state

court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics.).

**STAY AND ABEYANCE**

A. **Good Cause Standard**.

In Riner v. Crawford, 415 F.Supp.2d 1207, 1211 (D. Nev. 2006), the District Court held that "the good cause standard applicable in consideration of a request for a stay and abeyance of a federal habeas petition requires the petitioner to show that he was prevented from raising the claim, either by his own ignorance or confusion about the law or the status of the case or by circumstances over which he has little or no control, such as the actions of counsel either in contravention of the petitioner's clearly expressed desire to raise the claim or when petitioner had no knowledge of the claim's existence." Id. at 1211. In Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005), the Ninth Circuit held that "good cause" for failure to exhaust does not require extraordinary circumstances.

Here, Petitioner's good cause for failing to exhaust his claims is that he twice asked appellate counsel to include Grounds 3 and 4 in the direct appeal (see Petition at 6); however, appellate counsel refused to include these grounds. (See Notice of Lodgment and Opposition to the Motion to Dismiss at 2 and attached exhibits.) Petitioner again requested appellate counsel in his letters dated April 9, 2007, January 30, 2008 and March 4, 2008 to raise his claims re prosecutorial misconduct and jury instructions in the state courts. Petitioner contends that his appellate attorney ineffectively failed to present all of Petitioner's claims.

B. **Petitioner Contends That His Claims Contained In Grounds 3 and 4 are Meritorious**.

Petitioner contends that his conviction is unconstitutional in that his claim that the prosecutor committed misconduct by arguing there was direct evidence of Petitioner's guilt and the trial court's response to a jury question about accomplice liability violated due process. Petitioner contends that these claims are meritorious.

C. **Diligent Conduct by Petitioner**.

Petitioner contends that he has acted with diligence and has not engaged in any intentional delay tactics.

Petitioner requests a Stay in light of Rhines v. Weber in that good cause exists, his claims are potentially meritorious and he has not engaged in dilatory litigation tactics.

Petitioner's unexhausted claims appear colorable and there is no indication that Petitioner engaged in delaying tactics. Prior to staying a mixed petition, a Court need not require that the Petitioner delete the unexhausted issues, as previously required by Ninth Circuit case law. Jackson v. Roe, 425 F.3d 654, 659-61 (9th Cir. 2005).

**ORDER**

**IT IS HEREBY ORDERED** that Petitioner's Request for a Stay is **GRANTED**, provided Petitioner files a Status Report with this Court every 30 days advising the Court on the status of his state habeas petition pending in the California Supreme Court, and within 60 days from the date of the California Supreme Court's decision (assuming the California Supreme Court denies the petition) notifies this Court of the decision.

Petitioner is cautioned that should he fail to act within these time frames, the Court will order the Stay vacated <u>nunc</u> <u>pro</u> <u>tunc</u> and he will not be allowed to raise additional claims in this action.

DATED: <u>November 20, 2008</u>         <u>      /s/                       </u>
                                       VICTOR B. KENTON
                                       UNITED STATES MAGISTRATE JUDGE